IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CRAIG YOW, and PATRICIA YOW,** )<br>  )<br>           Plaintiff,          )<br>  )<br>V.                                          )<br>  )<br>**COTTRELL, INC.,**                )<br>  )<br>           Defendant.         ) | Civil No.  **04-888-DRH** |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is defendant Cottrell's motion for entry of a protective order**. (Doc. 8).** Defendant generally asserts that in response to plaintiff's discovery requests it will be forced to disclose "trade secret, confidential, and proprietary documents and information," including blueprints, diagrams, plans, charts, and specifications for Cotrell's trailers and parts thereof, design documents, and documents containing pricing information."   Plaintiff has objected to the entry of the protective order proposed by defendant, but plaintiff concedes that some of the information warrants protection.   **(Doc. 10).**

Because defendant Cottrell has failed to e-mail its proposed protective order to this Court at <cjppd@ilsd.uscourts.gov>, this Court cannot assess defendant's proposal, or evaluate plaintiff's objections and alternate proposal.  In addition, both parties have failed to indicate that they have attempted to resolve this issue without Court intervention, as contemplated by Local Rule 26.1(d) (*see also* Fed.R.Civ.P. 37(a)(2)(A)).  The parties' competing proposals illustrate that there is room for compromise.

At the risk of offering an advisory opinion, the Court further notes that Federal Rule of

1

Civil Procedure 26(c) and the dictates of *Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943 (7th Cir. 1999), and *Union Oil Company of California v. Leavell*, 220 F.3d 562 (7th Cir. 2000), make clear that protective orders are to be used sparingly, and only for good cause shown.  The Court of Appeals for the Seventh Circuit stated in *Union Oil Company of California v. Leavell*:

> Many a litigant would prefer that the subject of the case–how much it agreed to pay for a construction pipeline, how many tons of coal its plant uses per day, and so on–be kept from the curious (including business rivals and customers), but the tradition that litigation is open to the public is of very long standing.  People who want secrecy should opt for arbitration.  When they call on the courts, they must accept the openness that goes with subsidized dispute resolution by public (and publicly accountable) officials.

**220 F.3d at 567-568 (internal citations omitted).**

**IT IS THEREFORE ORDERED** that defendant Cottrell's motion for protective order **(Doc. 8)** <u>and</u> plaintiff's response/alternate motion **(Doc. 10)** are **STRICKEN**.  If the parties cannot resolve their discovery dispute amicably, they are free to again move for entry of a protective order.

**IT IS SO ORDERED.**

**DATED: May 12, 2005**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
