IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CRAIG YOW and PATRICIA YOW,**

    **Plaintiffs,**

v.

**COTTRELL, INC.,**

    **Defendant.**                          Case No.  3:04-CV-888 DRH

**ORDER**

**HERNDON, District Judge:**

        This matter comes before the Court on Defendant's Motion to Continue Presumed Trial Setting by Consent.  (Doc. 33.)  Defendant notes that there is a pending summary judgment motion in this matter, that has only recently been ripe for review.  The proposed scheduling order adopted by the Court set the presumptive trial month for April, 2006.  (Doc. 6.)

        Defendant expresses concern because if the summary judgment motion disposes of this case, there will be no need for the parties to further prepare for trial.  However, due to the fact that the presumptive trial date is only two months away, Defendant states that "[i]f the trial date is not continued, it creates a situation where the parties must either prepare for trial and risk that [the] preparation time will be wasted if the [summary judgment] motion is granted, or not prepare for trial and risk being unprepared if the motion is not granted."  (Doc. 33, ¶ 5.)  Therefore, Defendant requests, with Plaintiffs' consent, that the presumed trial month be

continued to a later date, not less than 90 days after a final decision is issued regarding the pending summary judgment motion. (*Id.* at ¶ 6.)

This is a *presumed* trial setting at issue – not something set in stone. While the Court certainly appreciates Defendant's cautionary and diligent approach, this request for a continuance is unnecessary.  The Court's trial calendar is backlogged such that if a pretrial conference were held today, the case could not be set until at least June or July, 2006.  The Court affirms that it will not set a pretrial conference date until *after* it has ruled on any and all pending dispositive motions filed in this matter.  At that point, the parties will have ample time to prepare for trial if the matter has not then been disposed.  If the Court were to grant the Motion to Continue the Presumed Trial Setting, the pretrial conference would have been unnecessarily delayed (continued) in light of the existing backlog in the Court's current calendar between pretrial conferences and actual trial settings. Accordingly, the Court hereby **DENIES** Defendant's Motion  to Continue Presumed Trial Setting by Consent.  (Doc. 33.)

**IT IS SO ORDERED.**

Signed this 16th day of February, 2006.

/s/          David  RHerndon
**United States District Judge**