IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**CRAIG YOW and PATRICIA YOW,**

 **Plaintiffs,**

v.

**COTTRELL, INC.,**

 **Defendant.**           Case No.  3:04-CV-888 DRH

### MEMORANDUM & ORDER

**HERNDON, District Judge:**

### I. INTRODUCTION

This matter comes before the Court on plaintiffs Craig Yow's and Patricia Yow 's (collectively, "Plaintiffs" or "the Yows") Motion to Supplement their Response to Defendant's Motion for Summary Judgment (Doc. 39).  Defendant Cottrell, Inc., has filed its opposing Response (Doc. 41), to which Plaintiffs have filed their Reply (Doc. 44).

### II. BACKGROUND

**A. PROCEDURAL HISTORY**

Plaintiffs allege Craig Yow was injured on February 14, 2003, while performing an ordinary work duty of operating the left rear loading skid of a car hauler truck. (Doc. 1, ¶ 5.) The trailer was manufactured by Cottrell. (*Id.*) Plaintiffs claim that at the time of the incident, trailer 7850 was in substantially the same

condition as when it left the control of Cottrell. (*See* Doc. 1, Count 1, ¶ 5.) Defendant answered by stating it was without information to admit or deny such allegations on December 16, 2004. (*See* Doc. 2, Count 1, ¶ 5.)

Cottrell then filed a Motion for Summary Judgment on December 7, 2005. (Doc. 17.) In its Motion for Summary Judgment, Cottrell argued Plaintiffs failed to produce evidence as to what proximately caused Mr. Yow's injuries. (*Id*.) Cottrell also contended the subject trailer underwent substantial modifications after leaving its control, thus precluding Cottrell's liability. (*Id.*) These modifications allegedly occurred in October 2004 and January 2005. (*Id.*)

Plaintiffs, after filing their Response to the summary judgment motion on January 20, 2006, contend they have learned of a separate suit, *Eubanks v. Cottrell*, pending against Cottrell that involves the exact trailer Mr. Yow was operating when he suffered his injuries. (Doc. 39.) Allegedly, the *Eubanks* injury occurred in February 2002, approximately one year *prior* to the modifications Cottrell claims were made on its trailer at issue. (*Id.*) Plaintiffs further claim that their discovery requests asked Cottrell to disclose the any suits against it, but the *Eubanks* case was never mentioned in either Cottrell's initial or supplemental discovery responses. (*Id.*)

Cottrell is represented by the same counsel in *Eubanks* as in the instant suit. (Doc. 39.) While Cottrell could not have known about the *Eubanks* case when it responded to Plaintiffs' interrogatories on March 4, 2005, because the *Eubanks* case was not yet filed, it *did* know on August 26, 2005, when it filed a Notice of

Removal in *Eubanks*. (*Id.*) Cottrell supplemented its responses to Plaintiff's interrogatories in the instant matter on September 22, 2005, but did not disclose any information regarding *Eubanks*. Cottrell contends that Mr. Yow knew of Jerry Eubanks's injury long before they claim to have discovered the suit's existence, which is evident through Mr. Yow's own deposition testimony. (Doc. 41, p. 2 and Ex. B, p. 93.)

**B.     THE PARTIES' CONTENTIONS**

Plaintiffs assert that they should be granted leave to supplement their Response to Cottrell's Motion for Summary Judgment in order to include information about the *Eubanks* case, because they did not learn of this pending suit, until after they filed their Response to Summary Judgment. Plaintiffs further allege they requested the disclosure of such information from Cottrell, but the information regarding *Eubanks* was never disclosed, even after it became apparent that Cottrell had knowledge of the *Eubanks* case once they removed it to federal court in August, 2005. Further, Plaintiffs feel the evidence provided by *Eubanks* is crucial to substantiating their claims and negating Cottrell's summary judgment arguments. Thus, Plaintiffs request leave to supplement their Response.

Cottrell counters Plaintiffs' assertions, stating that any allegation of failure to disclose information of the *Eubanks* case is essentially moot – Plaintiffs have suffered no injury. Contrary to Plaintiffs' account, Cottrell argues that Plaintiffs had knowledge of Jerry Eubanks's injury *six months before* filing their Response to the Motion for Summary Judgment and that the instant motion is nothing more than

an attempt to introduce evidence which Plaintiffs apparently overlooked. As a result, Cottrell believes the instant motion should be denied.

### III. DISCUSSION

The Court finds that further information is required to adjudge the whether leave to supplement Plaintiffs' Response should be granted. Simply stated, if the disclosure of the *Eubanks* case falls within the scope of any of Plaintiffs' discovery requests, Cottrell had a duty (absent any valid objections to such requests) to provide Plaintiffs with that information, whether through initial or supplemental responses. The fact that Mr. Yow may have had prior knowledge of Jerry Eubanks's injury does not mean Plaintiffs were aware that Mr. Eubanks had actually filed suit against Cottrell. It is obvious that Cottrell was aware of the *Eubanks* case prior to filing its Motion for Summary Judgment, as it removed *Eubanks* to federal court in August, 2005, and later moved for summary judgment in the instant matter in December, 2005.

The Court believes that the information in *Eubanks* could be appropriate for Plaintiffs to use in their Response. However, as between the parties in the instant matter, Cottrell is currently in the best position to know the mechanics and circumstances of Mr. Eubanks's injury and whether the case would be within the scope of Plaintiffs' discovery requests. Further, gleaning the discovery requests attached as exhibits to the relevant briefings, the Court is unable to pinpoint which, if any, discovery request Plaintiffs believe requires the disclosure of the *Eubanks* case. Several may be relevant, but Plaintiffs should specifically identify which

particular discovery request(s) require the disclosure. Conversely, Cottrell should be able to identify its responses, if any, which disclose information regarding *Eubanks*, or argue why the *Eubanks* case is not within the scope of Plaintiffs' discovery requests or why such requests are objectionable.

### IV. <u>CONCLUSION</u>

In order for the Court to appropriately determine the issue, Plaintiffs shall file a memorandum identifying the specific discovery requests sent to Cottrell which require the disclosure of the *Eubanks* case. The requests shall either be attached as exhibits or included within the text of Plaintiffs' brief. Plaintiffs shall also include the corresponding certificate(s) of service as well as the responses received. The memorandum itself shall not exceed ten (10) pages in length. Plaintiffs' attorneys shall also each submit an affidavit attached to the memorandum, regarding the state of their knowledge of the *Eubanks* suit prior to filing their Response to Cottrell's Motion for Summary Judgment, as well as and the state of their clients' (the Yows) knowledge of the *Eubanks* suit prior to filing their Response. Plaintiffs' memorandum shall be due by **Tuesday, June 20, 2006**. Plaintiffs shall entitle their memorandum, "Plaintiffs' Memorandum Regarding *Eubanks* Discovery."

In turn, Cottrell shall file a Response memorandum, explaining why the discovery requests identified in Plaintiffs' brief do not include disclosure of the *Eubanks* case within its scope – or why such request is validly objectionable. Conversely, if Cottrell believes it sufficiently disclosed this information to Plaintiffs prior to the filing of their summary judgment Response, it shall identify its

response(s) which provided this disclosure. Cottrell shall either file the specific responses as exhibits to its memorandum or include within the text. The memorandum also shall not exceed ten (10) pages in length. Cottrell shall file its memorandum, to be entitled "Defendant's Response Memorandum Regarding *Eubanks* Discovery," by **Tuesday, June 27, 2006**.

Plaintiffs shall *not* file a Reply. The Court will make its final determination of whether Plaintiffs shall be granted leave to supplement their Response to Cottrell's Motion for Summary Judgment upon review of these memorandums.

**IT IS SO ORDERED.**

Signed this 13th day of June, 2006.

/s/          David RHerndon
**United States District Judge**