IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CRAIG YOW and PATRICIA YOW,

      Plaintiffs,

v.

COTTRELL, INC.,

      Defendant.                            Case No.  3:04-cv-888-DRH

## MEMORANDUM & ORDER

HERNDON, District Judge:

## I.  INTRODUCTION & BACKGROUND

      This Order considers three related, pending Motions in this case: (1) Plaintiffs' Motion to Strike Motion for Summary Judgment (Doc. 23), (2) Plaintiffs' Motion to Supplement their Response to Defendant's Motion for Summary Judgment (Doc. 39), and (3) Defendant's Motion for Summary Judgment (Doc. 17).

      Plaintiffs, Craig and Patricia Yow ("Plaintiffs" or "the Yows"), filed suit against defendant Cottrell, Inc., based upon Mr. Yow's injury to his lower back.  At the time of the alleged incident, Mr. Yow was employed by Jack Cooper Transport ("JCT") as a car hauler (Doc. 1, ¶ 5). On February 4, 2003, Mr. Yow was operating a rig[1] manufactured by Defendant and stopped to make a delivery of a load of cars

_____

[1]  The rig was comprised of both a tractor and trailer manufactured by Defendant: tractor no. 7849 and trailer no. 7850.  When referring to the rig at issue, the Court also impliedly refers to either or both this tractor and trailer.

in Peoria, Illinois (*see* Doc. 17, Ex. 1 - Deposition of Craig Yow, p. 67).  As part of his work duties, Mr. Yow was required to load and unload the delivered cars from the car hauling rig manufactured by Defendant – which required him to operate the manual rear loading skids (Doc. 1, ¶ 5).  Mr. Yow testified in his deposition that the loading skids deployed as they were supposed to, but when he was pushing the left skid back in, it stuck or locked up, thereby causing him to feel a "twinge in [his] lower back" (Doc. 17, Ex. 1 - C. Yow Depo., pp. 76 and 82).  Although he was eventually able to push the skid back in it housing assembly and continue his work, Mr. Yow chose to file an accident report with JCT for injuries sustained to his lower back, allegedly caused by the incident with the rear loading skid (*Id*. at 96-103; *see also* Doc. 17, Ex. 2 - Accident Report).

Plaintiffs' Amended Complaint states five Counts against Defendant, based upon a products liability theory.  Count I states a strict products liability claim, pursuant to a breach of an express warranty.  Count II states a claim for negligence.  Count III states a claim for breach of an implied warranty.  Count IV is the sole claim brought by Patricia Yow, Craig Yow's wife, for loss of Mr. Yow's support and services due to his injuries.  Finally, Count V states a claim for punitive damages.  Defendant filed its Motion for Summary Judgment (Doc. 17), to which Plaintiffs filed an opposing Response (Doc. 22), and then several days later, also filed their Motion to Strike Defendant's Motion for Summary Judgment (Doc. 23).

## II. <u>ANALYSIS</u>

### A.    PLAINTIFFS' MOTION TO STRIKE

Plaintiffs have moved to strike Defendant's entire summary judgment motion pursuant to FEDERAL RULE OF CIVIL PROCEDURE 37(c), but have also requested, in the alternative, for the Court to bar Defendant from introducing certain evidence.  Plaintiffs' alternate request seeks to bar Defendant from introducing the following three items from trial: (1) any testimony from Elwood Feldman, (2) any argument or testimony pertaining to Mr. Feldman's inspection of the subject rig, and (3) any reference to the deposition errata sheet of Gary Page (Doc. 23, p. 1). Defendant has filed an opposing Response (Doc. 30), to which Plaintiffs have filed their Reply (Doc. 35).  Reviewing the parties' respective arguments, supporting law, and exhibits leads the Court to find that it would be inappropriate to strike Defendant's entire summary judgment motion.  However, it will examine the separate evidentiary items which Plaintiffs alternatively seek to bar from consideration as part of Defendant's summary judgment motion and also from introduction at trial. Further, the Court will also determine whether such evidence should be stricken from Defendant's summary judgment motion.

### 1.    Elwood Feldman

Mr. Feldman has been employed by Defendant since 1978 and currently serves as Vice Chairman (Doc. 17, Ex. 5, Affidavit of Elwood Feldman, ¶ 2).  He is relevant to this case because Defendant has submitted Feldman's affidavit to support

its summary judgment motion (*Id.*).  Plaintiffs believe that the subject matter of Feldman's affidavit qualifies it as expert testimony, thereby requiring Defendant to have disclosed Feldman as an expert witness under **Federal Rule of Civil Procedure 26**, which Defendant did not.  Plaintiffs further argue that Defendant has, in previous cases, designated Feldman as an expert witness (Doc. 23, p. 3).  In sum, Plaintiffs argue that because they believe Feldman's affidavit equates to expert testimony and because Feldman was not timely disclosed as an expert witness, his affidavit should be stricken and he should be barred from testifying at trial.

Defendant objects to Plaintiffs' assertion that Feldman provides the equivalent of expert testimony and should thus have been disclosed as an expert witness, arguing that the subject matter of his affidavit is merely factual and states nothing amounting to expert opinion.  In furtherance, Defendant argues that it has disclosed its liability expert witness – Dr. Jerry Purswell – and therefore relies upon Feldman's testimony "for factual purposes only" (Doc. 30, p. 3).  As such, Defendant does not believe it had a duty to disclose Feldman as an expert witness or that his affidavit constitutes improperly disclosed expert testimony.

First, the Court notes that the reason the Feldman affidavit appears to be material is that it is cited to support one of Defendant's main arguments in its summary judgment motion – namely that it should not be held liable for any of Plaintiffs' products liability claims because the rig at issue was modified by a third party.  Feldman's affidavit is based upon an inspection he conducted of the rig at issue on August 23, 2005 (Doc. 17, Ex. 5, ¶ 5).  His affidavit recounts several

observations he made during that inspection, which Defendant asserts are all merely factual observation given in his capacity as a lay witness.[2]

**FEDERAL RULE OF EVIDENCE 701** deals with lay witness opinion testimony and states (emphasis added):

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) *not based on scientific, technical, or other specialized knowledge* within the scope of **Rule 702**.

**FEDERAL RULE OF EVIDENCE 702** applies to expert testimony and states:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Feldman's Affidavit states factual observations, but also appears to delve just beyond the point of lay opinion and into the realm of expert testimony on certain matters.  Particularly, the Court finds that paragraphs 8, 9(a) (bullet point 3), 9(c) (bullet point 2), 10, 11, and 12 of the Feldman Affidavit (*see* Doc. 17, Ex. 5) contain statements which constitute expert opinion because they are not based merely on Feldman's personal and factual observation, but rely on his particular

---

[2] Black's Law Dictionary defines "lay witness" as "a witness who does not testify as an expert and who is therefore restricted to giving an opinion or making an inference that (1) is based on firsthand knowledge, and (2) is helpful in clarifying the testimony or in determining facts."

expertise in the car hauling industry, honed through the years he has been employed by Defendant.  Therefore, because he was not timely disclosed under the **Rule 26** disclosure requirements as an expert witness, the Court strikes the above stated portions of the Feldman Affidavit.  The remainder of the Affidavit, which the Court finds to consist solely of Mr. Feldman's factual observations, deals with the fact that the rig's rear loading skids, at the time of his inspection, were not manufactured by Defendant but were instead manufactured by C.F. Bender and differ in their design.

Accordingly, the Court will not consider anything which amounts to opinion testimony in the Feldman Affidavit when ruling upon Defendant's summary judgment motion, but will only consider his factual observations.  Further, as Defendant has already indicated it has a liability expert, Defendant should not be prejudiced by the Court's decision, as its expert can likely testify regarding many of the same opinions proffered by the Feldman Affidavit, if necessary.  Similarly, if Mr. Feldman is used as a trial witness, his direct testimony must be limited to comport with the Court's ruling.

Plaintiffs have also alternatively requested in their Motion to Strike that the Court prohibit Defendant from introducing any argument or testimony pertaining to Mr. Feldman's inspection of the subject rig.  The Court will permit argument and/or testimony regarding Mr. Feldman's personal and factual observations, but will prohibit any opinions Mr. Feldman draws from those observations.  However, a qualified expert witness may opine regarding those factual observations.

**2.      The Errata Sheet for the Deposition of Gary Page**

The second point of contention addressed in Plaintiffs' Motion to Strike

is Defendant's use of information contained in an errata sheet, submitted by Gary

Page after his deposition (*see* Doc. 17, Ex. 4).  Plaintiffs originally commenced this

action as an Illinois Supreme Court Rule 224 proceeding directed towards Mr.

Yow's employer, JCT (Doc. 23, p. 8, Ex. G).  JCT thereby designated Gary Page to

serve as its corporate representative for deposition.  Mr. Page was deposed by

Plaintiffs on May 3, 2004 (Doc. 23, p. 8, Ex. I).

During this deposition, Plaintiffs' counsel asked Mr. Page the following

question:

> Q:      Is there anything in the records or the corporate knowledge of
> Jack Cooper Transport Company to indicate the rear loading
> skids on trailer number 7850 were modified in a fashion other
> than when it was originally manufactured up through the time of
> Mr. Yow's injury on 2/14/03?
>
> A:      No, sir.

Plaintiffs' counsel later asked Mr. Page a similar question:

> Q:      Do you have any knowledge, Mr. Page, that the rear loading skids
> on trailer number 7850 or the rear loading skids on trailer 7910
> were modified in any fashion by any person or any company
> prior to those injury dates I described above to indicate the skids
> were modified differently other than as originally manufactured
> by Cottrell?
>
> A:      No, sir.  I do not.

Then, to clarify for Plaintiffs' counsel during the deposition, JCT's counsel

asked Mr. Page the following:

Q:      You were asked early on about whether or not the skids that are on the trailer would at least as of today would necessarily be the same skids that came from Cottrell.  You had told me at some point in time that sometimes these skids are replaced if they are damaged.

A:      Yes, sir.

Q:      Are there any records that indicate whether or not these skids in this case were actually replaced before the accidents?

A:      I am not aware of that.  I cannot, you know, deny or confirm it.  But, you know, there's – if we replace the skids on any of our equipment, we replace them with the original equipment skids.

Q:      So if there is a replacement of a skid due to damage beyond repair, a Cottrell original equipment skid is used as a replacement?

A:      Yes.

After his deposition, Mr. Page submitted an errata sheet (*see* Doc. 17, Ex. 4), seeking to change a portion of his deposition testimony in substance.  The subject matter of the Page errata sheet relevant to this case stated that upon subsequently reviewing the tractor repair records for rig 7850, Mr. Page states that the records show JCT replaced one set of skids on October 21, 2002 and the second skid on January 16, 2003, with skids manufactured by C.F. Bender.  The errata sheet also states that Mr. Page was "aware that sometimes in the Wentzville terminal our maintenance department replaces damaged Cottrell skids with skids from other manufacturers" (Doc. 17, Ex. 4, p. 2).

Defendant, in its summary judgment motion, uses the Page errata sheet to show that the skids were modified with skids made by another manufacturer prior

to Mr. Yow's injury.  While the errata sheet itself references the actual maintenance records reviewed by Mr. Page, Defendant has failed to attach these records to any of its briefings in this case to make them part of the record.  Plaintiffs argue that the information as stated in the Page errata sheet should not be admitted or considered by the Court, because it directly contradicts Page's deposition testimony.[3]  Defendant argues that **Federal Rule of Civil Procedure 30** allows for changes in substance to one's deposition testimony and asserts that on the errata sheet, Mr. Page "indicated that the testimony was changed because it was incomplete, and included a copy of the maintenance records he had reviewed showing the testimony was incomplete and incorrect" (Doc. 30, p. 4).

Supporting their argument, Plaintiffs cite **_Thorn v. Sundstrand Aerospace Corp._**, where the Seventh Circuit found that "a change of substance which actually contradicts the transcript is impermissible unless it can plausibly be represented as the correction of an error in transcription, such as dropping a 'not.'" **207 F.3d 383, 388 (7th Cir. 2000)(making this finding in light of its observation that Fed. R. Civ P. 30(e) permits "changes in form _or substance_")(emphasis in original)**.  Defendant attempts to distinguish **_Thorn_** and other cases cited by

---

[3] Plaintiffs also argue that the errata sheet was untimely submitted under **Federal Rule of Civil Procedure 30**.  The Court notes that the errata sheet was signed June 29, 2004.  **Rule 30(e)** allows a deponent "30 days _after being notified by the officer that the transcript or recording is available_ in which to review the transcript or recording and, if there are changes in form or substance, to sign a statement reciting such changes and the reasons given by the deponent for making them."  Therefore, it is possible that Mr. Page was not notified that the transcript of his deposition was available until on or after May 29, 2004 – Plaintiffs do not show evidence otherwise.

Plaintiffs, explaining these cases did not deal with an errata sheet that referenced evidentiary exhibits.[4]  The Court finds ***Thorn*** to be binding precedent and because it is clear that the Page errata sheet substantially contradicts Mr. Page's deposition testimony, it must not be admitted.  Accordingly, the Court will not permit reference to the substance of the Page errata sheet and will not consider any portion of it to substantiate Defendant's arguments in its summary judgment motion.

Therefore, Plaintiffs' Motion to Strike (Doc. 23) is **GRANTED IN PART AND DENIED IN PART**.  The Court denies Plaintiffs' request to strike Defendant's motion for summary judgment pursuant to **Rule 37(c)**.  However, the Court grants Plaintiffs' alternative request in that any testimony stated in the Feldman Affidavit or given by Mr. Feldman during trial will not permitted if it constitutes expert opinion.  Such testimony will also not be considered by the Court when determining Defendant's summary judgment motion.  Further, the Court prohibits reference to anything constituting expert opinion in the Feldman Affidavit for purposes of trial.  Lastly, the Court grants Plaintiffs' alternative request to bar any reference to the Page errata sheet.  Such will not be considered in determining Defendant's summary judgment motion.

---

[4]  In this case, the evidentiary exhibits would undoubtedly be the maintenance records, which, consequently, have not themselves been made part of the record.

**B.     PLAINTIFFS' MOTION TO SUPPLEMENT THEIR RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiffs seek leave to supplement their Response to Defendant's summary judgment motion (*see* Doc. 39).  The supplemental evidence Plaintiffs wish to include involve an accident suffered by Jerry Eubanks, which they believe was substantially similar to the circumstances surrounding Mr. Yow's accident.  Mr. Eubanks is also employed by JCT and was allegedly injured on the same rig as Mr. Yow.  Like Mr. Yow, Mr. Eubanks alleges that the rear loading skids got hung up or stuck when he was trying to push them back in, thereby causing his injury.  Mr. Eubanks has filed a separate suit against Cottrell in a different court.

Intertwined with Plaintiffs' request for leave to supplement was a discovery dispute.  Plaintiffs claimed Defendant withheld information regarding the Eubanks lawsuit – otherwise, Plaintiffs could have included it in their initial Response.  Conversely, Defendant argued the information was properly at Plaintiffs' disposal and it was their own negligence that caused the omission within their initial Response (*see* Docs. 39, 41 & 44).  After further briefing on the dispute, the Court conducted a hearing on the matter (*see* Docs. 46, 47 & 51).  At the hearing, the Court determined both parties were partly at fault, so no sanctions were entered.  Further, the Court allowed Plaintiffs to take the deposition of Mr. Eubanks to investigate whether such information would support their products liability theory.  The Court then permitted Plaintiffs to thereafter file an additional memorandum showing why such information regarding Mr. Eubanks's injury would aid their case, and if the

Court deemed this information relevant and admissible, it would consider it as part of Plaintiffs' Response to Defendant's summary judgment motion.  Plaintiffs also requested that they be allowed supplemental discovery and to supplement their expert witness report if the Eubanks evidence was permitted.

Now that they have taken the deposition of Mr. Eubanks, Plaintiffs have filed their supplemental memorandum to show why such information should be admissible (Doc. 56).   Defendant has filed an opposing Response (Doc. 60). Plaintiffs assert the testimony of Mr. Eubanks shows that "the incidents in which Mr. Eubanks and Mr. Yow were injured are substantially similar, in that both involved the left skid on the same rig 'hanging up,' with the only different being that Mr. Eubanks'[s] injury occurred before the modification alleged by Cottrell to have caused Mr. Yow's injury . . ." (Doc. 56, pp. 7-8).  Further, Plaintiffs offer that both drivers were injured while allegedly performing the exact same task on the same exact rig, thereby obfuscating Defendant's theory that the modification of the rear loading skid proximately caused Mr. Yow's injuries (*Id*. at 8).[5]  Ultimately, Plaintiffs proffer that evidence of Mr. Eubanks's injury supports their theory that "there is a defect in the rig that was not solely caused by the alleged modifications" (*Id*. at 9).

Defendant objects to the admission of evidence regarding Mr. Eubanks's injury, claiming that Plaintiffs have failed to adequately show the two accidents are

---

[5]  Plaintiffs also make the additional argument that the Eubanks evidence further supports the opinions and conclusions as stated in Plaintiffs' expert witness report – part of Plaintiffs' evidence Defendant also attacks for failing to qualify under ***Daubert***.

substantially similar (Doc. 60).  Specifically, Defendant contends Plaintiffs have failed to properly show proximate causation – namely, Plaintiffs have not shown what caused the rear loading skids to "bind" or "lock up" when manually maneuvered by either Mr. Eubanks or Mr. Yow.  In support of this contention, Defendant attaches an exhibit of a maintenance record for the date of the Eubanks accident, showing that the rig was shopped that day for having "bent/broken aluminum skids" (Doc. 60, p. 5, Ex. E).  Thus, Defendant observes that Mr. Eubanks was injured on the same rig as Mr. Yow, but at that time, the rig had Defendant's own rear loading skids, which were apparently bent and/or broken (*Id*. at 5).  However, at the time Mr. Yow was injured, Defendant asserts it had then been modified with C.F. Bender rear loading skids (*Id*.).  As such, Defendant argues that "the products at issue are hardly similar, much less substantially similar" (*Id*.).  Defendant also claims the accident reports are different in that Mr. Yow also stated that he "slipped climbing into a [rig] unit" on the day of his injury (*Id*. at 6, Ex. G, p. 3).

Binding precedent allows a Court to admit evidence of other accidents in a products liability case to prove the existence of a defect in the product, but the accidents must be "substantially similar" to the accident at issue. ***Mihailovich v. Laatsch*, 359 F.3d 892, 908 (7th Cir. 2004)(citing *Weir v. Crown Equip. Corp.*, 217 F.3d 453, 457 (7th Cir. 2000)**; *Ross v. Black & Decker, Inc.*, 977 F.2d 1178, 1185 (7th Cir. 1992); *Estate of Carey by Carey v. Hy-Temp Mfg., Inc.*, 929 F.2d 1229, 1235 n. 2 (7th Cir. 1991); *Nachtsheim v. Beech Aircraft Corp.*,**

**847 F.2d 1261, 1268 (7th Cir. 1988);** *Walker v. Trico Mfg. Co.,* **487 F.2d 595, 599 (7th Cir. 1973);** *Lever Bros. Co. v. Atlas Assur. Co.,* **131 F.2d 770, 777 (7th Cir. 1942)).**  However, "'[e]ven when substantial identity of the circumstances is proven, the admissibility of such evidence lies within the discretion of the trial judge who must weigh the dangers of unfairness, confusion, and undue expenditure of time in the trial of collateral issues against the factors favoring admissibility.'" *Nachtsheim,* **847 F.2d at 1269 (quoting** *McKinnon v. Skil Corp.,* **638 F.2d 270, 277 (1st Cir.1981)).**

In this case, Plaintiffs have shown to the Court's satisfaction that the Eubanks accident is substantially similar to the Yow accident.  While, as Defendant contends, it may be true that the skids on the rig were of a different make and manufacturer at the time Mr. Yow was injured, the evidence goes to substantiate Plaintiffs' theory that the rig itself is inherently defective in design for using a manual rear loading skid rather than a hydraulic one.  In the Court's discretion, the risk of undue prejudice against Defendant does not, at this time, present a great enough threat to deny admission of this evidence, as it is merely the Court and not a jury weighing the evidence and issues addressed by Defendant's summary judgment motion.  As such, Plaintiffs' Motion to Supplement their Response to Defendant's Motion for Summary Judgment is **GRANTED**.  The Court further clarifies that this Order does not yet permit such evidence to be admitted during trial – if the circumstance arises, such issues will be subsequently addressed via an appropriate

motion made by either party.

## C.   DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Defendant's Motion for Summary Judgment (Doc. 17) is premised upon three grounds: (1) Plaintiffs lack evidence of proximate causation, (2) the rig manufactured by Defendant was modified after it left Defendant's control, and (3) Plaintiffs' expert witness does not meet the *Daubert* standard.

### 1.   Legal Standard

Summary judgment is appropriate under the Federal Rules of Civil Procedure when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." **FED. R. CIV. P. 56(c);** *Celotex Corp. v. Catrett,* **477 U.S. 317, 322 (1986)**. The movant bears the burden of establishing the absence of factual issues and entitlement to judgment as a matter of law. *Wollin v. Gondert,* **192 F.3d 616, 621-22 (7th Cir. 1999)**. The Court must consider the entire record, drawing reasonable inferences and resolving factual disputes in favor of the non-movant. *Schneiker v. Fortis Ins. Co.,* **200 F.3d 1055, 1057 (7th Cir. 2000);** *Baron v. City of Highland Park,* **195 F.3d 333, 337-38 (7th Cir. 1999)**.

In reviewing a summary judgment motion, the Court does not determine the truth of asserted matters, but rather decides whether there is a genuine factual issue for trial. *EEOC v. Sears, Robuck & Co.,* **233 F.3d 432, 436 (7th Cir.**

**2000**).  No issue remains for trial "unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party.  If the evidence is merely colorable, or is not sufficiently probative, summary judgment may be granted."  ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 249-50 (1986); *accord Starzenski v. City of Elkhart*, 87 F.3d 872, 880 (7th Cir. 1996), *cert. denied*, 519 U.S. 1055 (1997); *Tolle v. Carroll Touch, Inc.*, 23 F.3d 174, 178 (7th Cir. 1994). As such, " '[i]f no reasonable jury could find for the party opposing the motion, it must be granted.' " *Oates*, 116 F.3d at 1165 (quoting *Hedberg v. Indiana Bell Tel. Co.*, 47 F.3d 928, 931 (7th Cir. 1995)(citing *Anderson*, 477 U.S. at 248).  However, summary judgment may not be averted merely by the non-moving party "baldly contesting his adversary's factual allegations," but instead, the Plaintiff must come forth with probative evidence to substantiate the allegations of the complaint. *Id.* (citing *First Nat'l Bank of Arizona v. Cities Serv. CO.*, 391 U.S. 253, 290 (1968); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

    **2.**    **Defendant's Bases for Summary Judgment**

        **a.**    **Proximate Causation**

Under Illinois law, a products liability action involves the concept of proximate cause; it is an essential element of the action.  A plaintiff must show that the alleged product defect proximately caused the injury complained of – and this is done by showing the "natural and continuous sequence of events unbroken by any

effective intervening cause." ***Kleen v. Homak Manufacturing Co., Inc.*, 321 Ill. App. 3d 639, 641, 255 Ill. Dec. 246, 249, 749 N.E.2d 26, 29 (5th Dist. 2001)(citation omitted)**.  There are two separate components to proximate cause: legal cause and cause in fact.  ***Id.* at 642, 255 Ill. Dec. at 249, 749 N.E. 2d at 29 (citations omitted); *see also TIG Ins. Co. v. Giffin Winning Cohen & Bodewes, P.C.*, 444 F.3d 587, 591 (7th Cir. 2006)(citing *First Springfield Bank & Trust v. Galman*, 188 Ill.2d 252, 242 Ill. Dec. 113, 720 N.E.2d 1068 (1999); *Abrams v. City of Chicago*, 211 Ill.2d 251, 285 Ill. Dec. 183, 811 N.E.2d 670 (2004))**.

Cause in fact is demonstrated when a defendant's conduct played "'a material element and a substantial factor in bringing about the injury'" so that the injury would not have occurred *but for* the defendant's conduct.  ***Kleen*, 321 Ill. App. 3d at 642, 255 Ill. Dec. at 249, 749 N.E.2d at 29 (quoting *First Springfield Bank & Trust v. Galman*, 188 Ill.2d 252, 258, 242 Ill. Dec. 113, 720 N.E.2d 1068, 1072 (1999); citing *Lee v. Chicago Transit Authority*, 152 Ill.2d 432, 455, 178 Ill. Dec. 699, 605 N.E.2d 493, 502 (1992))**.  Legal cause involves the question of foreseeability, asking "'whether the injury is of a type that a reasonable person would see as a likely result of his or her conduct.'" ***Id.* (quoting *First Springfield Bank & Trust*, 188 Ill.2d at 258, 242 Ill. Dec. 113, 720 N.E.2d at 1072)**.  The issue of proximate causation is only proper for disposition in a summary judgment motion when there is no remaining material issue of fact or only one clearly evident which can be reached; otherwise, it is a matter best left for

the trier of fact.  **Id. at 641, 255 Ill. Dec. at 249, 749 N.E.2d at 29 (citing**
**Williams v. University of Chicago Hospitals, 179 Ill.2d 80, 88, 227 Ill. Dec.**
**793, 688 N.E.2d 130, 134 (1997))**.

      Defendant argues in its summary judgment motion that Plaintiffs have
failed to show any defect which caused the rear loading skids to "lock up" on Mr.
Yow, allegedly causing his injury (Doc. 17, pp. 8-11).  In Plaintiffs Response, they
counter that the design defect is the manual rear loading skid system – and the fact
that such systems are "predisposed" to lock up during operation is enough to "create
a jury issue on a design defect claim" (Doc. 22, p. 8).  Examining the record, the
parties do not dispute Mr. Yow's testimony that the left rear loading skid "locked up"
on him during operation.  Plaintiffs allege this is what caused Mr. Yow's injury.  The
rig operated on the day in question was manufactured by Defendant.  Plaintiffs claim
that the design of a manual read skid loading system causes operators to be injured
when the skids catch or lock up while the operator is attempting to manually
maneuver them.  The Court finds that the rear loading skids are designed to be
manually operated by the users, such as Mr. Yow.  They are not supposed to "lock
up" when being manually operated.  In this case, they did.  Whether this was caused
due to a design defect or user negligence is unclear at this point and remains a
question of fact, which precludes a grant of summary judgment in Defendant's favor
based upon its proximate causation argument.

**(b)** **Product Modification**

For both strict liability and negligence claims alleged in a products liability action, liability is imposed upon the manufacturer when there is a proven breach of duty, such as the duty to design reasonably safe products. ***Spurgeon v. Julius Blum, Inc.***, **816 F. Supp. 1317, 1321-22 (C.D. Ill. 1993)(citing *Baltus v. Weaver Division of Kiddie & Co.*, 199 Ill. App. 3d 821, 829, 145 Ill. Dec. 810, 815, 557 N.E.2d 580, 585 (1990)(other citations omitted)**. Thus, a plaintiff may show breach of this duty by proving : 1) the injury was proximately caused by a condition of the product, 2) the condition was unreasonably dangerous, 3) the condition existed at the time it left the manufacturer's control, and 4) the injury was reasonably foreseeable by the manufacturer. ***Id***; ***see also Arellano v. SGL Abrasives***, **246 Ill. App. 3d 1002, 1006, 186 Ill. Dec. 891, 895, 617 N.E.2d 130, 134 (1st Dist. 1993)(citation omitted)**; ***Gasdiel v. Federal Press Co.***, **78 Ill. App. 3d 222, 227, 33 Ill. Dec. 517, 520, 396 N.E.2d 1241, 1244 (1st Dist. 1979)(citing RESTATEMENT (SECOND) OF TORTS § 402A (1965))**.

However, a modification made to the product by a third-party after it has left the manufacturer's control may well serve to negate manufacturer liability, if such modification causes the unreasonably dangerous condition. ***Owens v. Midwest Tank and Manufacturing Co.***, **192 Ill. App. 3d 1039, 1043, 140 Ill. Dec. 123, 126, 549 N.E.2d 774, 777 (1st Dist. 1989)(citing *Rios v. Niagara Machine & Tool Works*, 59 Ill. 2d, 319 N.E.2d 232 (1974); *see also Davis v.***

Page 19 of 24

***Pak-Mor Manufacturing Co.*, 284 Ill. App. 3d 214, 220, 219 Ill. Dec. 918, 922,
672 N.E.2d 771, 775 (1st Dist. 1996)**.  Further, the modification must not be
reasonably foreseeable, "'not merely what might conceivably occur.'" ***Davis*, 284 Ill.
App. 3d at 220, 219 Ill. Dec. at 922, 672 N.E.2d at 775 (quoting *Winnett v.
Winnett*, 57 Ill.2d 7, 12-13, 310 N.E.2d 1, 5 (1974))**.   The basic test for
reasonable foreseeability of the modification of a manufacturer's product is this: if
the product is easily modified by the operator, then it is objectively reasonable to
expect the manufacturer to foresee such modification.  ***Id.* (citing *Spurgeon v.
Julius Blum, Inc.*, 816 F. Supp. 1317 (C.D. Ill. 1993); *Wiedemann v. Industrial
Erectors, Inc.*, 137 Ill. App. 3d 47, 91 Ill. Dec. 504, 483 N.E.2d 990 (1985))**.
Thus, if the modification of the product would require special expertise which could
not be easily accomplished by the operator, it would not be objectively reasonable to
expect the manufacturer to foresee.  ***Id.* (citing *Woods v. Graham Engineering
Corp.*, 183 Ill. App. 3d 337, 342, 132 Ill. Dec. 6, 9, 539 N.E.2d 316, 319
(1989); *DeArmond v. Hoover Ball & Bearing, Uniloy Div.*, 86 Ill. App. 3d 1066,
42 Ill. Dec. 193, 408 N.E.2d 771 (1980))**.

Defendant asserts it cannot be liable as a matter of law for Mr. Yow's
injury, due to the fact that a third-party, JCT, modified Defendant's rig to replace the
original rear loading skids with skids instead manufacturer by C.F. Bender.
Moreover, Defendant argues this modification was not reasonably foreseeable, as the
replacement of the skids was performed by JCT's maintenance personnel and could

not have been easily done by the operator, Mr. Yow. Substantiating the difficulty of this modification is the factual testimony given by Elwood Feldman in both his affidavit and during his deposition.

Plaintiffs counter in their Response, stating that it is not the specific skids at issue it claims are defective, but rather, Defendant's rig itself is defective for requiring a manual rear skid system, rather than a safer alternative, such as a hydraulic system. Therefore, Plaintiffs essentially believe that whether the skids were manufactured by Defendant or any other manufacturer, the rig would still present an unreasonably dangerous condition by requiring the operator to manually maneuver the rear loading skids. Additionally, Plaintiffs also assert it *was* reasonably foreseeable that the rear loading skids could be modified. Another point Plaintiffs make is that the evidence regarding the modification is supplied via the Page errata sheet – which this Court has deemed improper and has stricken from the record.

While the Feldman Affidavit acknowledges the modification of the skids, it is not clear how he "understands" the date of the modification or what records were reviewed. So it is at best hearsay and without any indicia of reliablity. Defendant's expert witness, Dr. Jerry Purswell, writes in his report that he has reviewed the maintenance records in question. However, Defendant does not use either Dr. Purswell's report or statements to support its assertion that the rear loading skids were modified prior to Mr. Yow's injury. Strangely, the actual maintenance records pertaining to the modification were never made part of the

record (at least from what the Court was able to determine after conducting a diligent search). Therefore, there is an authentication or hearsay problem as well as a time line problem. Without the actual referenced maintenance records, there is no way to determine with certainty that the rear loading skids at issue were actually modified and replaced by JCT with C.F. Bender skids. Dr. Purswell's expert report stating as much is merely hearsay. Also, there is no way to conclusively determine that this modification was made *prior to* Mr. Yow's injury. It appears that under the law, Defendant's modification argument may have been valid, yet the crucial evidentiary item is missing and hence, a question of fact remains as to whether there was a modification to Defendant's rig that could possibly negate manufacturer liability.[6] Accordingly, the Court cannot grant summary judgment in favor of Defendant based on its modification argument either.

---

[6] As for reasonable foreseeability, despite Plaintiffs' arguments that JCT is considered the operator, rather than Mr. Yow, the Court finds that Mr. Yow would properly be considered an operator under the law. *See, e.g., DeArmond*, **86 Ill. App. 3d at 1071, 42 Ill. Dec. at 196, 408 N.E.2d at 774 (even though it may have been relatively easy for the plaintiff's employer to have removed safety doors of bottling machine, as no evidence was presented that the plaintiff as operator of the machine could easily do this, modification not determined by the court to be reasonably foreseeable);** *Woods*, **183 Ill. App. 3d at 339-41, 132 Ill. Dec. at 7-8, 539 N.E.2d at 317-18 (where perimeter guards of "Graham wheel" had to be cut off with torch and electrician would have to remove the interlock for access doorway and deactivate the control panel, the court found these modifications could not be made by an operator and therefore not a reasonably foreseeable third-party modification);** *Bates v. Richland Sales Corp.*, **346 Ill. App. 3d 223, 231-32, 281 Ill. Dec. 356, 363-64, 803 N.E.2d 977, 984-85 (4th Dist. 2004)(employer's removal of roll bar from front-end loader found not easily removable, as it required "heavy work" and "major alteration," and therefore, even if it did not take long to remove, the court found the modification not reasonably foreseeable).** Further, considering just the factual testimony supplied by Mr. Feldman in both his affidavit and deposition and the deposition of Mr. Yow, it is clear that replacing the skids would not be an easy task, as it involved work done by one specially trained in auto mechanic, and that it was not performed by Mr. Yow, the operator of the rig.

**(c)    Plaintiffs' Expert Witness Fails to Meet the *Daubert* Standard**

Defendant lastly challenges the admissibility the opinions of Plaintiffs' expert witness, Linda Weseman, under the standard established by the United States Supreme Court in ***Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993)** (Doc. 17, pp. 16 - 20).  Without specifically addressing the parties' arguments on this issue, the Court merely conveys that it is inappropriate for Defendant to raise the issue of Ms. Weseman's competence under ***Daubert*** as part of its summary judgment motion.  That matter is the subject of a stand-alone motion so that the issue can be fully developed and the proponent of the expert can have full benefit of devoting an entire memorandum to support why she is qualified under ***Daubert***.  Further, the Court can then determine if a hearing on the matter is necessary.  In the absence of such stand-alone motion, the Court must assume that the movant is not serious about its challenge (especially given the Court's familiarity with the history of the combative litigation between counsel for the parties).  Therefore, the Court finds at this time that Defendant is also not entitled to summary judgment based on this argument.

### III.  <u>CONCLUSION</u>

Plaintiffs' Motion to Strike Defendant's Motion for Summary Judgment (Doc. 23) is hereby **GRANTED IN PART AND DENIED IN PART**, to the extent that the Court will not strike Defendant's Motion, but instead, in part with Plaintiffs' alternate relief request, will strike the Page errata sheet and will also not consider anything other than personal/factual observations made by Mr. Feldman in his affidavit or during his deposition, or at trial, as he was not properly disclosed as an expert witness.  Plaintiffs' Motion to Supplement their Response to Defendant's Motion for Summary Judgment (Doc. 39) is **GRANTED**.  The Court will consider evidence offered by Plaintiffs regarding Jerry Eubanks for purposes of determining Defendant's Motion for Summary Judgment.  Lastly, Defendant's Motion for Summary Judgment (Doc. 17) is **DENIED**.

**IT IS SO ORDERED.**

Signed this 25th day of September, 2006.

/s/           David  RHerndon
**United States District Judge**