IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CRAIG YOW, and PATRICIA YOW,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil No. **04-888-DRH** |
| ) | |
| **COTTRELL, INC.,** ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is defendant Cottrell's motion for a protective order and to quash the notice of deposition of Don Bender, president of C.F. Bender. **(Doc. 90).** Defendant argues that the deposition was scheduled nearly two years after the close of discovery.

In opposition to the subject motion, plaintiffs contend that the deposition is needed for trial evidence, not discovery. According to plaintiffs, Mr. Bender's deposition was taken in another case, so there is no surprise. Rather, plaintiffs assert the defendant is trying to avoid proof that defendant withheld critical data in discovery. **(Doc. 98).**

Defendants correctly observe that discovery closed long ago. The Federal Rules of Civil Procedure do not distinguish between general discovery and "evidence discovery." In September 2006 Judge Herndon denied another attempt by plaintiff to conduct discovery because the discovery period had closed and plaintiffs had failed to demonstrate good cause for allowing further discovery. **(Doc. 63).**

Insofar as plaintiffs assert that the defendant has committed discovery fraud, the Court takes such allegations very seriously– meaning that such accusations should not be made without

good cause.  Plaintiffs' <u>bald</u> assertion of wrongdoing is not well taken.  Counsel is forewarned that accusations of ethical violations and discovery fraud should not be used as a sword during litigation, and may result in sanctions.

With all of that said, the Court strongly advocates the use of depositions at trial whenever possible, as a means of saving the litigants time and money.   There is no excuse for plaintiffs' failure to take Mr. Bender's deposition long ago, but there is no real prejudice in permitting the deposition to be taken at this late juncture.  However, all costs associated with the deposition, including defense counsels' time, must be paid for by the plaintiffs.

**IT IS THEREFORE ORDERED** that defendant's motion for a protective order and to quash the notice of deposition of Don Bender **(Doc. 90)** is **DENIED**.

**IT IS FURTHER ORDERED** that the parties shall agree to a mutually convenient date for the deposition of Don Bender, and all costs, including defense counsels' time, shall be paid by the plaintiffs.

**IT IS SO ORDERED.**

**DATED: November 13, 2007**

**s/ Clifford J. Proud**
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**